# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

ANTHONY BAIR,

      Plaintiff-Appellant,

v                                  Court of Appeals No.  24-1390

CRYSTAL GLASS, INC., a            USDC Eastern District
domestic for-profit corporation,     Case No. 2:21-cv-13027
                               Hon. Judith E. Levy

      Defendant-Appellee.

_____/

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

## <u>BRIEF FOR DEFENDANT-APPELLEE</u>

## ORAL ARGUMENT REQUESTED

RICHARD B. TOMLINSON (P27604)
Driggers, Schultz & Herbst
Attorney for Defendant-Appellee
3331 W. Big Beaver Road, Suite 101
Troy, MI  48084
(248) 649-6000
(248) 649-6442 (Fax)
rtomlinson@driggersschultz.com

Case: 24-1390    Document: 9    Filed: 05/21/2024    Page: 1

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 24-1390                    Case Name: Anthony Bair v Crystal Glass, Inc.

Name of counsel:  Richard B. Tomlinson

Pursuant to 6th Cir. R. 26.1, Crystal Glass, Inc.
                              *Name of Party*
makes the following disclosure:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.  Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

No.

### CERTIFICATE OF SERVICE

I certify that on _____ May 21, 2024 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Richard B. Tomlinson
Attorney for Defendant-Appellee
Driggers, Schultz & Herbst

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

**PAGE**

Disclosure of Corporate Affiliations and Financial Interest...................................i

TABLE OF CONTENTS.........................................................................ii

TABLE OF AUTHORITIES ...................................................................v

COUNTER-STATEMENT OF ISSUES ................................................1

STATEMENT OF THE CASE..............................................................1

STATEMENT OF FACTS ...................................................................2

    A.    Bair's Employment History with Crystal Glass.................................2

    B.    Onset of COVID-19 ...............................................................4

    C.    Bair's Requests for Accommodation ................................................4

    D.    Bair's Surgery.........................................................................7

    E.    Second Wave of COVID.................................................................8

    F.    Crystal Glass Advises Bair of the COVID Uncertainty....................9

SUMMARY OF THE ARGUMENT ....................................................13

I.    ARGUMENT................................................................................14

    A.    Standard of Review .........................................................................14

    B.    The District Court Properly Granted Crystal Glass' Motion for Summary Judgment on Plaintiff's Claim for Failure to Accommodate Because Bair Did Not Establish a Prima Facie Case of Failure to Accommodate .......................................................15

**PAGE**

1.    The District Court's Ruling on Defendant's Motion for Summary Judgment on the Failure to Accommodate Claim ......................................................................15

2.    The District Court Properly Found that Bair Did Not Demonstrate that Crystal Glass Failed to Provide the Necessary Accommodation ......................................................16

3.    The District Court Properly Found There Was No Record Evidence that Bair Requested Unpaid Medical Leave as an Accommodation ......................................................................22

4.    Bair's Claim that Crystal Glass Failed to Engage in the Interactive Process with Bair Fails as a Matter of Law ..........26

C.    The District Court Properly Granted Defendant's Motion for Summary Judgment on Plaintiff's Claim for Disability Discrimination Because Plaintiff Did Not Establish a Prima Facie Case of Disability Discrimination ............................................27

1.    Bair is Unable to Show an Adverse Employment Action and Therefore Did Not Establish a Prima Facie Case of Disability Discrimination ..........................................................27

D.    The District Court Properly Granted Defendant's Motion for Summary Judgment on Plaintiff's Claim for Retaliation Because Plaintiff Cannot Establish a Prima Facie Case of Retaliation ......................................................................35

1.    Bair is Unable to Show an Adverse Employment Action and Therefore Cannot Establish a Prima Facie Case of Disability Discrimination ..........................................................36

2.    Bair is Also Unable to Demonstrate Elements One, Two, and Four Required to Establish a Prima Facie Case of Retaliation ......................................................................38

**<u>PAGE</u>**

a.    Bair is Unable to Demonstrate the First and Second Elements of a Prima Facie Case ....................................38

b.    Bair is Unable to Demonstrate a Causal Connection Between Bair's Protected Activity and the Adverse Employment Action, the Fourth Element of Establishing a Prima Facie Case....................................40

CONCLUSION AND RELIEF REQUESTED ......................................................41

CERTIFICATE OF COMPLIANCE........................................................................42

CERTIFICATE OF SERVICE ................................................................................42

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ............43

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

### <u>Cases</u>

*A.C. Ex. Rel. J.C. v Shelby Cty. Bd. Of Educ.,* 711 F3d 687, 697 (6th Cir. 2013).......................36

*Adams v Lucent Techs., Inc.,* 284 F. App'x. 296, 302 (6th Cir. 2008) .........................32

*Agnew v BASF Corp.,* 286 F3d 307, 310-311 (6th Cir. 2002).........................................32

*Anderson v Liberty Lobby, Inc.,* 477 US 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)............................................................................14

*Brumley v United Parcel Serv., Inc.,* 909 F3d 834, 839 (6th Cir. 2018) ....................17

*Cleveland v Fed. Express Corp.,* 83 F. App'x. 74, 79 (6th Cir. 2003) ........................16

*DiCarlo v Potter,* 358 F3d 408, 419 (6th Cir. 2004) ....................................................17

*Ferrell v Taylor Building Prods.,* 2014 WL 3361823 at *5 (ED Mich July 9, 2014) ................32

*Ford v Gen. Motors Corp.,* 305 F3d 545, 551 (6th Cir. 2002) ....................................14

*Gantt v Wilson Sporting Goods Co.,* 143 F3d 1042, 1046-1047 (6th Cir. 1998) .......................22

*George v Youngstown State Univ.,* 966 F3d 446, 458 (6th Cir. 2020).....................................14

*Green v BakeMark, USA, LLC,* 683 F. App'x. 486, 494 (6th Cir. 2017) .....................................21

*Hammon v DHL Airways, Inc.,* 165 F3d 441, 447 (6th Cir. 1999) ...............................29

*Jakubowski v Christ Hosp., Inc.,* 627 F3d 195, 202 (2010).........................................22

*Jackson v VHS Detroit Receiving Hosp., Inc.,* 814 F3d 769, 775 (6th Cir. 2016).......................14

*Johnson v Cleveland City Sch. Dist.,* 443 F. App'x. 974, 982-983 (6th Cir. 2001) ...................17

*Keever v City of Middletown,* 145 F3d 809, 813 (6th Cir. 1998) ...............................29

*Keogh v Concentra Health Servs.,* 752 F. App'x. 316, 326 (2018).........................................22

*King v Steward Turnbull Mem'l Hosp., Inc.,* 30 F4th 551, 560 (6th Cir. 2022).....................17, 25

**PAGE**

*Kirilenko-Ison v Bd. of Educ. of Danville Indep. Schs.,*
  974 F3d 652, 659 (6th Cir. 2020) ...................................................................17

*Lockard v General Motors Corp.,* 52 F. App'x. 782, 788 (6th Cir. 2002) ...................................23

*Matsushita Elec. Indus. Co., Ltd. v Zenith Radio Corp.,*
  475 US 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)....................................14

*Monette v Elec. Data Sys. Corp.,* 90 F3d 1173, 1183 (6th Cir. 1996)...........................................22

*Muldrow v City of St. Louis,* 144 S. Ct. 967, 972 (2024)...........................................29, 30, 31, 37

*Rorrer v City of Stow,* 743 F3d 1025, 1041 (6th Cir. 2014) ........................................26

*Schinderwolf v City of Brighton,* 107 F Supp3d 804, 814 (ED Mich 2015)..............................29

*Thompson v Fresh Prods.,* 985 F3d 509, 525-526 (6th Cir. 2021).........................................16, 26

*Wanger v G.A. Gray Co.,* 872 F2d 142, 145 (6th Cir. 1989).........................................32

*Whitfield v Tennessee,* 639 F3d 253, 258-259 (6th Cir. 2011) ....................................27

*Williams v AT & T Mobility Servs., LLC,* 847 F3d 384, 396 (6th Cir. 2017) ..............................35

## Statutes, Regulations and Rules

Fed. R. Civ. P. 56(a) ...............................................................................2, 14
42 U.S.C. §12112(a). ..............................................................................27
42 U.S.C. §12112(b)(5)(A).......................................................................16

## **COUNTER-STATEMENT OF THE ISSUES**

1.     The District Court properly granted summary judgment on Anthony Bair's claim for failure to accommodate because Bair was unable to establish a prima facie case for failure to accommodate.  Bair failed to meet the fourth and fifth elements required to establish a prima facie case.  Bair failed to establish any record evidence to show that the Plaintiff requested an unpaid medical leave as an accommodation and, failed to show that Crystal Glass failed to provide Bair with a necessary accommodation.

2.     The District Court properly granted summary judgment on Bair's claim for disability discrimination under the ADA because Bair was unable to establish a prima facie case for disability discrimination.   Bair failed to establish any adverse employment action.

3.     The District Court properly granted summary judgment on Bair's claim for retaliation because Bair was unable to establish a prima facie case of retaliation. Bair was unable to demonstrate:  (1) he engaged in protected activity under ADA; (2) his employer was aware of the protected activity; (3) he suffered an adverse employment action; and (4) a causal connection existed between the protected activity and the adverse employment action.

## **STATEMENT OF THE CASE**

On December 28, 2021, Plaintiff Anthony Bair filed a Complaint against Crystal Glass, Inc. ("Crystal Glass") alleging a violation of the Americans with

Disabilities Act of 1990 ("ADA").  (R. 1), Plaintiff's Complaint alleged claims for disability discrimination, denial of reasonable accommodation and retaliation under ADA.   Plaintiff's Complaint also included a count alleging violation of the Employee Right to Know Act, but the parties stipulated to entry of an order dismissing that claim of the Complaint (R. 10, Page ID # 50).

Crystal Glass filed a Motion for Summary Judgment under Fed. R. Civ. P. 56(a) (R. 11) arguing that Bair's Complaint should be dismissed because Bair failed to establish a prima facie case of:  (1) disability discrimination; (2) a failure to accommodate his disability; or (3) retaliation.  (Id., R. 11).  Bair filed a Response Brief (R. 14) and Defendant filed its Reply Brief on May 11, 2023 (R. 16).  On March 31, 2024, the District Court entered its Opinion, Order and Judgment granting Defendant's Motion for Summary Judgment and dismissing Bair's Complaint (R. 17 and 18).

## STATEMENT OF FACTS

### A.    Bair's Employment History with Crystal Glass.

Crystal Glass is a small glazing contractor that selects, cuts, assembles and installs all types of glass, and glass substitute products for glazing, executes the fabrication and glazing of frames, panels and doors and installs those items in all types of commercial buildings (Solomon Affidavit, R. 11-1, Page ID # 92).  Crystal Glass hires glaziers to do field installation work at the sites of its customers (Id.).  Working as a glazier is a physically demanding job as glaziers work with large pieces

of heavy glass, their work is generally done outdoors, and is often performed several stories up in the air, often using ladders and scaffolding (Solomon Affidavit R. 11-1, Page ID # 92).  The written job description for glaziers working at Crystal Glass is set forth at R. 11-2, Page ID # 97.

Plaintiff was initially hired by Crystal Glass as a glazier working in the field, in July 2014 (Bair Transcript, R. 11-3, Page ID # 106).  Bair had never worked as a glazier before his initial employment at Crystal Glass (Id. R. 11-3, Page ID # 105).  Bair's initial employment was terminated by Crystal Glass in September 2015 (HR Record, R. 11-5, Page ID # 242).

In February 2016, Bair called Crystal Glass and asked to be rehired (Gaines Transcript R.  11-6, Page ID # 253-254).  Crystal Glass "was reluctant" (Id. R. 11-6, Page ID # 253), but Bair "apologized . . . for his behavior and said he was enduring a brutal divorce and custody battle", so Crystal Glass agreed to rehire Bair to work "sporadically until we get things rolling" (Id. R. 11-6, Page ID # 254).  Bair's HR record indicates that he was rehired in late February 2016 and "quit" his job 17 months later on July 27, 2017 (HR Record, R. 11-5, Page ID # 242).

In November 2019, Bair reached out to Crystal Glass again to convince them to bring him back (Gaines Transcript, R. 11-6, Page ID # 255).  Bair's third stint at Crystal Glass began on November 22, 2019 (HR Records, R. 11-5, Page ID # 242).

**B.**     **Onset of COVID-19.**

The onset of the COVID-19 pandemic in March 2020 ushered in a period of uncertainty and operational shutdowns for Crystal Glass, which laid off most of the workforce, including Bair, from March 22 through May 11, 2020 with Governor Whitmer's shutdown Order (Solomon Transcript, R. 11-4, Page ID # 198). The glaziers, including Bair, were called back to work on May 11, 2020. Two of the glaziers were not called back to work (Gaines Transcript, R. 11-6, Page ID # 258).

**C.**     **Bair's Requests for Accommodation.**

On May 19, 2020, one week after Bair was called back to work, Bair advised Crystal Glass that he had suffered a hip injury when he had fallen off a ladder at his previous employment with Damico Contracting and was having a lot of hip pain (Bair Text, R. 11-7, Page ID # 292). On the same day, Bair texted Paul Gaines, Crystal Glass's Scheduler, advising Gaines that he was in pain and that climbing scaffolding on one of the jobs had really "messed me up" and that "I just can't do climbing scaffolding" (Bair-Gaines Texts, R. 11-8, Page ID # 294-295). Bair's text also advised Gaines that he couldn't work scaffolding jobs, "I'm good to work [bit] I'm just asking you not to kill me LOL" (Id. R. 11-8, Page ID # 295). This was Bair's first request for accommodation to Crystal Glass. Gaines responded advising Bair that he would do his best to have Bair avoid scaffolding and told Bair "to speak up if [he] can't do something" (Id. R. 11-8, Page ID # 294).

Crystal Glass accommodated Bair's request to avoid scaffolding work. Bair testified that he was not put on any jobs with scaffolding after Gaines' response to his text (Bair Transcript, R. 11-3, Page ID # 118). Bair confirmed "that was the last scaffolding job [he] was on" (Id.).

On May 31, 2020, Bair texted Crystal Glass's CFO, James Solomon, and advised that he was going to have a "resurfacing surgery" for his hip on June 16, 2020 and that he would be off for at least 6 weeks after the surgery (Bair-Solomon-Texts, R. 11-9, Page ID # 297). Bair's text advised Solomon that he needed to speak with Solomon about going on short term disability. Solomon responded by advising that Crystal Glass did not offer short term disability benefits to employees (Id.).

Bair responded to Solomon by asking Solomon if Crystal Glass could "later [lay] me off the week of the surgery?" Bair explained "I can keep working to try and save but if I injure it further I'm screwed for months not weeks" (Bair-Text, R. 11-10, Page ID # 299).

Solomon had a follow up telephone conversation with Bair on June 1 or June 2, 2020 to talk about options (Solomon Transcript, R. 11-4, Page ID # 202). During the conversation Bair told Solomon that he needed to be off work for a week before his surgery so he could isolate (Bair Transcript, R. 11-3, Page ID # 132), then he would have the surgery and would need time off for recovery after that (Solomon Affidavit, R. 11-1, Page ID # 93). Solomon suggested to Bair that he could go on unpaid leave (Id. R. 11-1, Page ID # 93). Bair made a counteroffer to Solomon and

asked if instead, Crystal Glass would lay him off so that he could collect his weekly unemployment plus the $600 per week COVID bonus during the week before his surgery and his recovery period (Id. R. 11-1, Page ID # 93; Solomon Transcript, R. 11-4, Page ID # 202).   Solomon agreed to Bair's request to be laid off by the company so that Bair could collect unemployment enhanced by the COVID bonus (Id., R. 11-4, Page ID # 202).   This was Bair's second request for accommodation. Solomon also told Bair that Crystal Glass would allow Bair's insurance to keep going through the end of June, to cover his surgery (Id. R. 11-4, Page ID # 202). Bair also told Solomon, during that conversation, that he planned to come back to work after surgery.   Solomon told Bair that he would have to provide the company with a doctor's note clearing him to come back to work (Id. R. 11-4, Page ID # 202). Bair testified that he was aware that before he could come back to work he would need a doctor's certificate that he was able to return to work (Bair Transcript, R. 11-3, Page ID # 128).

After the phone call, Bair continued working and Scheduler Gaines, having been advised of Bair's scheduled surgery, advised Bair that he would be "mindful" to send Bair to the lighter duty jobs (Gaines-Bair Texts, R. 11-11, Page ID # 301).

On June 2, 2020, Bair texted Gaines, advised him that he had spoken with James Solomon and reported "I think after this week I will just have you guys lay me off.  I have to self-isolate before the surgery anyways" (Id. R. 11-11, Page ID #

303).  This was the third request for accommodation that Bair made as he asked Crystal Glass to be laid off at the end of the week, June 5, 2020.

Bair worked the light duty job on June 2 and 3 and on June 4, 2020, Bair called off work, advising Scheduler Gaines that he was physically unable to work (Bair Transcript, R. 11-3, Page ID # 132).  His text to Paul Gaines explained that the "little up and down on the ladder yesterday hurt my hip".  He went onto explain "it's bad today and I can't do anything" (Bair-Gaines Texts, R. 11-11, Page ID # 303; Bair Transcript, R. 11-3, Page ID # 132).

After Crystal Glass unsuccessfully searched for other light duty work for Bair, Crystal Glass informed Bair that the company was "going to go ahead and lay you off today" (Solomon Text, R. 11-13, Page ID # 310).  As noted above, Bair had already told Paul Gaines that after the week ending June 5th he was going to ask Crystal Glass to lay him off anyway as he had to isolate before the surgery (Bair-Gaines Texts, R. 11-11, Page ID # 303).  Bair testified that being laid off on June 4 was "close enough so it didn't bother him" (Bair Transcript, R. 11-3, Page ID # 132).

**D.    Bair's Surgery.**

Plaintiff's medicals reveal that Plaintiff had resurfacing surgery on his hip on June 18, 2020 (Bair Medical Record, R. 14-3, Page ID # 362), two weeks after his layoff from Crystal Glass.

### E.    Second Wave of COVID #

During the weeks after Plaintiff's layoff, Crystal Glass' business slowed down as a result of uncertainty with a second COVID wave (Solomon Transcript, R. 11-4, Page ID # 202-203).  Some of the general contractors, who hired Crystal Glass for their jobs, wanted Crystal Glass to come out to the jobs and work (Id. R. 11-4, Page ID # 205).  There were different COVID rules for every job, some jobs were clamoring for Crystal Glass to get out to the jobsite and other jobs were telling Crystal Glass they couldn't be out on the jobsite (Id., R. 11-4, Page ID # 205).  Some jobs were being canceled and a lot of jobs were being placed on hold and business was slow for the company (Id., R. 11-4, Page ID # 205).  Solomon testified that the thing that scared him was Crystal Glass was getting big jobs cancelled and other big jobs were being placed on hold and we became worried that they were going to cancel those jobs as well.  He testified that Crystal Glass had no idea of what was going to happen (Id.).  The company had no idea if and when they were going to be called back to restart jobs that were on hold (Id., R. 11-4, Page ID # 206).  As a result, Crystal Glass began laying off some of the glaziers on June 9, 2020, as jobs were placed on hold and cancelled (Id., R. 11-4, Page ID # 205; Layoff Chart, R. 11-14, Page ID # 312).  Two glaziers were laid off on June 9, 2020.  One was laid off on June 10, 2020, one was laid off on June 16, 2020, four were laid off on June 19, 2020, one was laid off on June 23, 2020 and one was laid off on July 3, 2020 (Id.).  Ten glaziers were laid off by Crystal Glass based on lack of work (Id.; Solomon

Affidavit, R. 11-1, Page ID # 94).  Bair had been laid off on June 4, 2020 as a result of his request for accommodation.

As a result of COVID, Crystal Glass had no idea when glaziers would be called back to those job sites that had been put on hold or how many jobs sites that had been placed on hold would end up being canceled (Solomon Transcript, R. 11-4, Page ID # 206).

###### F.    Crystal Glass Advises Bair of the COVID Uncertainties.

On June 27, 2020, Plaintiff texted Solomon a picture of his surgical hip (Bair-Solmon Texts, R. 11-13, Page ID # 310).  Solomon responded to Bair's text on June 30th.  He advised Bair of the slowdown in business indicating the company was slow and probably wouldn't be able to hire Bair back (Solomon-Bair Texts, R. 11-15, Page ID # 314).  He explained that Crystal Glass had laid off several other glaziers and the company didn't know when it was going to pick back up, "if ever" (Id.). Solomon explained that he was trying to be up front and honest with Bair and explained business had slowed down a lot and there was so much uncertainty with COVID Crystal Glass didn't know when the company was going to be able to get back to full strength (Solomon Transcript, R. 11-4, Page ID # 203-204).  Solomon testified that as of the date of the June 30 text, the company was in a pretty dire situation and Solomon was unsure of how the business would go over the next few months (Id., R. 11-4, Page ID # 204).

On July 3, 2020, Plaintiff texted Solomon and advised him he was now claiming a back injury and was claiming that his hip injury had worsened during the time period that he worked at Crystal Glass (Bair Texts, R. 14-2, Page ID # 361). Bair texted Solomon again in early July.  In this text, Bair got very personal with Solomon advising him that Bair wasn't "the one handed a fortune for doing little with an assistant" (Bair Texts, R. 11-16, Page ID # 316).  He threatened the company with a claim for religious discrimination (Id., R. 11-16, Page ID # 317).  Bair's text also advised that he "will not be intimidated by you" and advised Solomon "You shouldn't guilt someone into trying to provide as a single parent" (Id., R. 11-16, Page ID # 316).  Bair also texted the company's health insurance agent, who was a also a friend of Bair's (Bair Texts, R. 11-17, Page ID # 320).   In that text Plaintiff badmouthed Solomon referring to Solomon as an a****** (Id., R. 11-17, Page ID # 320).

In spite of Bair's texts, Solomon tried to contact Bair by telephone but Bair testified he began ignoring Solomon's telephone calls (Bair Transcript, R. 11-3, Page ID # 140).  Since Bair wouldn't answer his calls, Solomon ended up sending Bair an email dated July 8, 2020 (Solomon-Bair Email, R. 14-4, Page ID # 378-379).  The email summarized Crystal Glass' extensive support of Bair including the company agreeing to Bair's request to be laid off so he could collect unemployment and the COVID bonus while he was off work.  Solomon encouraged Bair's continuing

efforts with the Social Security Administration and encouraged Bair to follow up with Solomon to discuss his situation (Id.).

Business at Crystal Glass began improving as a few of the jobs reopened. Crystal Glass began calling back some of the glaziers who had previously been laid off as the jobs reopened (Layoff List, R. No. 11-14, Page ID # 312). Mike Griffey was called back on July 7 and Robert Washington was called back to work on July 13 (Id.). Four other laid off glaziers were called back on July 20th and a seventh glazier was called back to work on August 3, 2020 (Id.). Scheduler Gaines testified that Bair was not considered for these early callbacks because he was still on layoff for surgery convalescence, so Bair not being able to work prevented him from being called back (Gaines Transcript, R. 11-6, Page ID # 265). Bair has acknowledged that as of June 30th, he was only two weeks post-surgery and his recovery time was a minimum of six weeks (Bair Transcript, R. 11-3, Page ID # 138). It should be noted that three other glaziers, who had been laid off, Logan Rose, Brett Sturgill and Patrick Dean were never called back by Crystal Glass (Layoff List, R. 11-14, Page ID # 312). They were not called back because they were ranked at the bottom of the totem pole of glaziers in terms of their job performance (Gaines Transcript, R. 11-6, Page ID # 267-268). The record also shows that on November 20, 2020, Crystal Glass hired a new glazier, Christian Orozco (Crystal Glass Chart, R. 14-5, Page ID # 381).

Bair testified that he didn't make any effort to find a new job "until I knew I was healed enough to go back to work". He testified he didn't do that until December 2020 when he applied for a job at Silverline Construction (Bair Transcript, R. 11-3, Page ID # 145). Bair got the job at Silverline in December 2020 and testified the job was a temporary position at a small company owned by one of his friends and that Bair was laid off in January 2021 (Id.).

Bair's testimony shows that it is undisputed that Bair was not healed enough to go back to work until December 2020. Bair was certainly not healed enough to go back to work when seven of the laid off glaziers were rehired in July and August 3, 2020 nor was he healed enough to go back to work at the time Crystal Glass hired the new glazier on November 20, 2020.

In addition, there is no record evidence in this case Bair ever contacted Crystal Glass after the text exchanges in July 2020, to ask about being rehired or applying to be rehired.

The record in this case also shows that Bair never provided Crystal Glass with a doctor's note or certificate clearing him to return to work at Crystal Glass (Bair Transcript, R. 11-3, Page ID # 137, 147). In fact, Bair testified he never made any attempt to get a certificate to return to work and present it to Crystal Glass (Id., R. 11-3, Page ID # 147).

## SUMMARY OF THE ARGUMENT

Anthony Bair advised Crystal Glass of his hip problem on May 19, 2020. The undisputed facts show that Crystal Glass agreed to every request for accommodation which Bair made. When Bair requested not to be assigned to any jobs involving scaffolding, Crystal Glass provided the accommodation. After Crystal Glass learned that Bair was scheduled for surgery, Crystal Glass assigned Bair to the lightest duty finishing job that was available. Finally, when Bair asked to be laid off from his job so he could collect his unemployment plus the $600 per week COVID bonus through unemployment during the week before his surgery and during his recovery period Crystal Glass agreed to his request for accommodation and laid him off on June 4, 2020.

The District Court properly granted summary judgment on Bair's claim for failure to accommodate because Bair was unable to establish a prima facie case for failure to accommodate. Bair failed to meet the fourth and fifth elements required to establish a prima facie case. Bair failed to establish any record evidence to show that Bair requested an unpaid medical leave as an accommodation and, failed to show that Crystal Glass failed to provide Bair with a necessary accommodation.

The District Court properly granted summary judgment on Bair's claim for disability discrimination under the ADA because Bair was unable to establish a prima facie case for disability discrimination. Bair was unable to show that Crystal Glass took any adverse employment action.

The District Court also properly granted summary judgment on Bair's claim for retaliation because Bair was unable to establish a prima facie case for retaliation. Bair was unable to demonstrate any of the four elements required to establish a prima facie case of retaliation.

## I. <u>ARGUMENT</u>

### A. <u>Standard of Review</u>

The Court of Appeals reviews the District Court's grant of summary judgment *de novo*. *George v Youngstown State Univ.,* 966 F3d 446, 458 (6th Cir. 2020). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law", Fed. R. Civ. P. 56(a). "A dispute of a material fact is genuine so long as 'the evidence is such that a reasonable jury could return a verdict for the non-moving party'". *Jackson v VHS Detroit Receiving Hosp., Inc.,* 814 F3d 769, 775 (6th Cir. 2016) quoting *Ford v Gen. Motors Corp.,* 305 F3d 545, 551 (6th Cir. 2002).

When evaluating a motion for summary judgment, this Court views the evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v Zenith Radio Corp.,* 475 US 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "This includes drawing 'all justifiable inferences' in the non-moving party's favor." *George, supra* at 458 (quoting *Anderson v Liberty Lobby, Inc.,* 477 US 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**B.** **The District Court Properly Granted Crystal Glass' Motion for Summary Judgment on Plaintiff's Claim for Failure to Accommodate Because Bair Did Not Establish a Prima Facie Case of Failure to Accommodate.**

**1.** **The District Court's Ruling on Defendant's Motion for Summary Judgment on the Failure to Accommodate Claim.**

The District Court granted Defendant's Motion for Summary Judgment on Plaintiff's failure to accommodate claim on two grounds. First, the District Court concluded that Bair's claim for failure to accommodate, like his other two claims in this case, for disability discrimination and retaliation, failed because Bair was unable to demonstrate that he suffered "an adverse employment action" and therefore was unable to demonstrate a prima facie case under his failure to accommodate claim (District Court Opinion, R. 17, Page ID # 411-412).[1] Second, the District Court properly found that Bair's failure to accommodate claim, separately failed, because Bair was unable to establish a prima facie case for failure to accommodate because he was unable to show that Crystal Glass failed to provide "the necessary

---

[1] Plaintiff's Brief with respect to this issue is correct. The District Court properly found that there was no adverse employment action taken against Bair by Crystal Glass. However, under the case law, a plaintiff is not required to show that he suffered an adverse employment action to satisfy a prima facie case for a failure to accommodate under the ADA. An adverse employment action is a requirement to establish a prima facie case with respect to Plaintiff's two other claims, disability discrimination and retaliation. This does not change the result with regard to Plaintiff's failure to accommodate claim because the District Court properly found that Bair's failure to accommodate claim separately failed because Bair was unable to establish a prima facie case for failure to accommodate because he was unable to show that Crystal Glass failed to provide the necessary accommodation and there was no record evidence to show that Bair ever requested an unpaid medical leave.

accommodation", (citing *Thompson v Fresh Prods*., 985 F3d 509, 525-526 (6th Cir. 2021)) (District Court Opinion, R. 17, Page ID # 418).  In addition, the District Court properly found that Plaintiff's claim, that he requested an unpaid medical leave and did not receive it, was not supported by the record (District Court Opinion, R. 17, Page ID # 418-419).

> **2.    The District Court Properly Found that Bair Did Not Demonstrate that Crystal Glass Failed to Provide the Necessary Accommodation.**

The ADA prohibits an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee".  42 U.S.C. §12112(b)(5)(A).

In failure to accommodate cases, the plaintiff bears the initial burden of making out a prima facie case.  *King v Steward Turnbull Mem'l Hosp., Inc.,* 30 F4th 551, 560 (6th Cir. 2022).  If the plaintiff succeeds in making the showing, then the burden shifts to the employer to show that the accommodation would cause undue hardship for the employer.  *Cleveland v Fed. Express Corp.,* 83 F. App'x. 74, 79 (6th Cir. 2003).

In order to establish a prima facie case for failure to accommodate, a plaintiff must show that:  (1) plaintiff was disabled within the meaning of the ADA; (2) plaintiff was otherwise qualified for  the position with or without reasonable accommodation; (3) the defendant knew or had reason to know about plaintiff's

disability; (4) plaintiff requested an accommodation; and (5) defendant failed to provide the necessary accommodation.  *King, supra*; *Kirilenko-Ison v Bd. of Educ. of Danville Indep. Schs.,* 974 F3d 652, 659 (6th Cir. 2020); *Brumley v United Parcel Serv., Inc.,* 909 F3d 834, 839 (6th Cir. 2018).  See also, *Johnson v Cleveland City Sch. Dist.,* 443 F. App'x. 974, 982-983 (6th Cir. 2001); *DiCarlo v Potter,* 358 F3d 408, 419 (6th Cir. 2004).

Crystal Glass submits that Bair failed to demonstrate a prima facie case of accommodation because Bair is unable to demonstrate the fourth and fifth elements of a prima facie case.  There is no record evidence to support that Bair requested an unpaid medical leave as an accommodation and further, there is no showing that Crystal Glass failed to provide the necessary accommodation that was requested by Bair.

Bair was unable to show that Crystal Glass failed to provide the necessary accommodation, the fifth element for establishing a prima facie case.  In fact, the undisputed evidence showed that Crystal Glass provided Bair with all of the accommodations which he requested.

As shown in the Fact section above, Bair advised Crystal Glass of his hip condition in a text to James Solomon, CFO of Crystal Glass on May 19, 2020 (Bair Text, R. 11-7, Page ID # 292).

Plaintiff also texted Paul Gaines, the Scheduler at Crystal Glass on May 19, 2020 (Bair-Gaines Texts, R. 11-8, Page ID # 294-295).  His text provided Gaines

with the summary of the x-ray report of his hip and Bair explained that he has been in constant pain and was going to be having an MRI (Id.).  Bair made his first request for reasonable accommodation in his text advising "I just can't do climbing scaffolding.  That messed me up the other day.  I'm good to work bit [but] I'm just asking you not to kill me lol" (Id., R. 11-8, Page ID # 294-295).  Scheduler Gaines immediately replied to Bair, advised him he would do his best to have Bair avoid scaffold (Id.) and advised Bair "I don't always know exactly what's going on at the jobs so you'll need to speak up if you can't do something" (Id.).  The undisputed facts show that Crystal Glass immediately provided Bair with his requested accommodation.  In fact, Plaintiff has acknowledged that after his text of May 19th, requesting the accommodation, he was not put on anymore jobs that required him to climb scaffolding (Bair Transcription, R. 11-3, Page ID # 118).

On May 31, 2020, Bair texted CFO James Solomon advising him that he needed surgery for his hip, was scheduled for a resurfacing surgery on June 16, and "I should be down for six weeks with returning to light duty after that" (Bair-Solomon Texts, R. 11-9, Page ID # 297).  The text also explained that if he injured his hip at work in the meantime, he would need a full hip replacement.  He also told Solomon that he needed to speak with Solomon about going on short term disability (Id.).  Solomon advised Bair that the company didn't have short term disability for employees (Id.).

The next day, June 1, 2020, Bair texted Solomon and asked if there was anything the company could do to help him, "maybe later [lay] me off the week of the surgery?  I can keep working to try and save but if I injure it further I'm screwed for months not weeks" (Bair Text, R. 11-10, Page ID # 299).

Solomon and Bair had a follow up telephone conversation on June 1 or 2 to talk about Bair's options (Solomon Transcript, R. 11-4, Page ID # 202).   In the conversation Bair said that he needed to be laid off from work for a week before his surgery so he could isolate (Bair Transcript, R. 11-3, Page ID # 132) and then he would have surgery and would need time off for recovery after that (Solomon Affidavit, R. 11-1, Page ID # 93).  Solomon suggested to Bair that he could go on an unpaid leave (Id.).  Bair made a counteroffer to Solomon and asked instead, if the company would lay him off so he could collect his unemployment plus the $600 per week COVID bonus through unemployment during the week before surgery and his recovery period (Solomon Transcript, R. 11-4, Page ID # 202; Solomon Affidavit, R. 11-1, Page ID # 93).  This was Bair's second request for an accommodation. Solomon agreed to Bair's request to be laid off for the isolation period, and that the layoff would continue through his surgery and recovery so he could collect the unemployment benefit and the COVID bonus (Id., R. 11-4, Page ID # 202; Id., R. 11-1, Page ID # 93).  He also told Bair the company would keep Bair's insurance in place until the end of June to cover his surgery (Id.).  Solomon also told Bair that he would have to provide Crystal Glass with a doctor's note clearing him to come back

to work after the surgery (Solomon Transcript, R. 11-4, Page ID # 202).  Bair testified that he was aware that before he could come back to work he would need a doctor's certificate that he was able to return to work (Bair Transcript, R. 11-3, Page ID # 128).

The undisputed evidence also shows that when Crystal Glass learned Bair was scheduled for surgery and there was risk of additional injury, Crystal Glass further agreed to accommodate Bair and advised him that he would only be sent to the lighter duty jobs during the week prior to his layoff.  Scheduler Gaines texted Bair on June 1 and advised that he would be careful to try to send Bair to lighter duty glazier jobs (Solomon-Bair-Texts, R. 11-11, Page ID # 301).  On June 1, Gaines told Bair that he was assigning him to a job in Detroit that involved finish type work for June 2 and June 3.  The job involved no heavy lifting, no scaffolding, and only a little bit of ladder work and was the lightest duty type of job available for a glazier at Crystal Glass (Gaines Affidavit, R. 11-12, Page ID # 306).

Bair worked at the lighter duty Detroit job on June 2 and 3, 2020.  On June 4, 2020 Plaintiff texted Scheduler Gaines and called off work advising him ". . . just a little up and down on the ladder yesterday hurt my hip.  It's bad today and I can't do anything" (Gaines Texts, R. 11-11, Page ID # 303).  Bair had also texted Gaines on June 2, told him that he had spoken with James Solomon and that "after this week I will just have the company lay me off.  I have to isolate before the surgery anyways"

(Id.).   This was Bair's third request for accommodation as he was now asking to be laid off beginning the end of the week, June 5, 2020.

Later on June 4, James Solomon texted with Plaintiff and confirmed that Gaines didn't have any other lighter duty work available for him, so Crystal Glass was going to lay him off in accordance with his most recent request, beginning June 4, 2020 (Gaines-Solomon Texts, R. 11-13, Page ID #310).  Bair voiced no objection to Crystal Glass accepting his request for accommodation, laying him off, beginning June 4, 2020 (Bair Transcript, R. 11-3, Page ID # 132).

The undisputed facts cited above shows that Crystal Glass agreed and provided Bair with every accommodation he requested.  After Bair requested not to be assigned to any jobs involving scaffolding, Crystal Glass provided the accommodation.  After Crystal Glass learned Bair was scheduled for surgery and were advised by Bair that there was a risk of further injury, Crystal Glass, without any request from Bair, made sure that Bair was assigned to the lightest duty finishing job (Gaines Affidavit, R. 11-12, Page ID # 306).  Finally, when Bair asked to be laid off from his job so that he could collect the COVID enhanced unemployment benefits, the company agreed to lay him off and ended up further accommodating Bair by moving his layoff date up to June 4, 2020.

The case law makes it clear that when the employer provides the employee with the accommodation requested by the employee, Plaintiff is unable to demonstrate a prima facie case for failure to accommodate.  *Green v BakeMark,*

*USA, LLC,* 683 F. App'x. 486, 494 (6th Cir. 2017); *Keogh v Concentra Health Servs.,* 752 F. App'x. 316, 326 (2018).

Bair failed to demonstrate a prima facie case for failure to accommodate because the undisputed facts show that Crystal Glass provided Bair with each accommodation that he requested and failed to present any record evidence to support Plaintiff's claim that the employer failed to provide the necessary accommodation. As a result, Bair failed to demonstrate the fifth element required to establish a prima facie case for failure to accommodate.

### 3.    The District Court Properly Found There Was No Record Evidence that Bair Requested Unpaid Medical Leave as an Accommodation.

Under the case law, if a disabled employee requires an accommodation the employee has the burden of proposing an accommodation and proving it is reasonable. *Jakubowski v Christ Hosp., Inc.,* 627 F3d 195, 202 (2010). See also, *Monette v Elec. Data Sys. Corp.,* 90 F3d 1173, 1183 (6th Cir. 1996). In *Gantt v Wilson Sporting Goods Co.,* 143 F3d 1042, 1046-1047 (6th Cir. 1998), in affirming the district court's dismissal of plaintiff's claim based on defendant's failure to accommodate, the court held:

> Because plaintiff made no request for accommodation the district court properly found that she failed to create a question of fact as to whether or not the company failed to reasonably accommodate her. *Id.* at 1047.

The court further noted the employer is not required to speculate as to the extent of an employee's disability or the employee's need for an accommodation. *Id.* at 1046-1047.

In *Lockard v General Motors Corp.,* 52 F. App'x. 782, 788 (6th Cir. 2002), the court affirmed a grant of summary judgment because plaintiff failed to present evidence that she requested an accommodation. The court noted that the burden under the ADA remains on the employee to request an accommodation and an employee cannot expect the employer to read his mind or know that he secretly wanted a particular accommodation.

In this case, Appellant's Brief argues that Bair requested "unpaid medical leave" as a reasonable accommodation and also claims Crystal Glass denied Bair's request for an unpaid leave. The problem is that Appellant's Brief fails to cite any record evidence to support Bair's claim that he requested an unpaid medical leave. The fact of the matter is, Bair never requested an unpaid medical leave. The record evidence in this case shows that Bair initially requested a layoff on June 1, 2020 (Bair Texts, R. 11-10, Page ID # 299). He texted James Solomon and asked if there was anything that the company could do to help him, "maybe later [lay] me off the week of surgery? I can keep working and try to save but if I injure it further I'm screwed for months not weeks".

The undisputed evidence shows that Solomon and Bair had a follow up telephone conversation on June 1 or 2 to talk about Bair's options (Solomon

Transcript, R. 11-4, Page ID # 202). In the conversation, Bair said that he needed to be laid off work for a week before his surgery so he could isolate (Bair Transcript, R. 11-3, Page ID # 132) and then he would have surgery and they would need time off for recovery after that (Solomon Affidavit, R. 11-1, Page ID # 93). At that point, Solomon offered Bair to go on an unpaid leave (Id.). Bair made a counteroffer to Solomon and asked if the company would lay him off so he could collect his unemployment plus the $600 per week COVID bonus through unemployment during the week before surgery and during his recovery period (Id.; Solomon Transcript, R. 11-4, Page ID # 202). Instead of accepting Solomon's offer to go on unpaid leave, Bair asked for an accommodation to be laid off so he could collect his unemployment plus the $600 per week COVID bonus through unemployment. Solomon agreed to Bair's request for that accommodation to be laid off so he could collect his unemployment benefit and the COVID bonus (Id., R. 11-4, Page ID # 202; Id., R. 11-1, Page ID # 93). He also told Bair the company would keep Bair's insurance in place until the end of June so that it would cover his surgery (Solomon Transcript, R. 11-4, Page ID # 202).

Appellant's Brief argues that under *King, supra,* 30 F4th 551, 566, Bair's request for a "layoff" was sufficient to constitute a request for an unpaid medical leave in this case. In *King,* plaintiff requested an FMLA medical leave on at least four occasions related to her asthma. The Court of Appeals held that the request for medical leave by plaintiff was sufficient to trigger the hospital's duty to engage in

an interactive process to determine whether it could reasonably accommodate King's asthma's flare up. *Id.* at 566. The court concluded that King's requests were sufficient to constitute a request for a reasonable accommodation, a medical leave under ADA.

*King, supra* offers no support for Plaintiff's argument in this case. In this case, when Plaintiff requested a "layoff", Crystal Glass unlike the defendant in *King, supra,* engaged in the interactive process with Bair to determine whether it could reasonably accommodate Bair. In the follow up phone call with Bair, Solomon and Bair talked about Bair's options (Solomon Transcript, R. 11-4, Page ID # 202). At that point, Solomon (Crystal Glass) offered Bair an unpaid leave, the very accommodation which Appellant's Brief now claims is the basis for Bair's failure to accommodate claim. Instead of accepting the unpaid medical leave offered by Crystal Glass, Bair made a very specific counteroffer to Solomon and asked if the company would lay him off so he could collect his unemployment plus the $600 per week COVID bonus (Id., R. 11-1, Page ID # 93; Id., R. 11-4, Page ID # 202). Solomon agreed to Bair's counteroffer. Unlike the plaintiff in *King,* Crystal Glass actually offered the unpaid medical leave that Bair now claims is the basis for Bair's failure to accommodate claim. The undisputed facts show that Bair never requested an unpaid medical leave as an accommodation and, in fact, he rejected Crystal Glass' offer of an unpaid medical leave. Since Plaintiff never requested an unpaid medical

leave as an accommodation, he also failed to show the fourth element required to establish a prima facie case for failure to accommodate.

### 4. Bair's Claim that Crystal Glass Failed to Engage in the Interactive Process with Bair Fails as a Matter of Law.

In *Thompson v Fresh Products, supra* at 525, the court noted:

> In this circuit, failure to engage in the interactive process does not give rise to an independent claim. Instead, it is a violation of the ADA only if the plaintiff establishes a prima facie case of failure to accommodate. *Rorrer v City of Stow,* 743 F3d 1025, 1041 (6th Cir. 2014).

As demonstrated in Section B(2) and B(3) above, Plaintiff failed to satisfy the fourth and fifth elements required to establish a prima facie case and therefore failed to establish his prima facie case for failure to accommodate. As a result, Bair's claim for failure to engage in the interactive process fails as a matter of law.

In addition, the undisputed evidence shows that Crystal Glass engaged in the interactive process as soon as Bair requested a layoff. Following Bair's request, Crystal Glass:  (1) had a telephone conference with Bair to discuss his options; (2) offered that Bair could go on an unpaid medical leave; (3) in response, Bair made his counteroffer of being laid off so he could collect unemployment and his COVID-19 bonus; (4) Crystal Glass accepted his offer; (5) Bair then requested that his layoff begin June 4; (6) Crystal Glass accepted Bair's revised offer; (7) Solomon also told Bair he would have to provide Crystal Glass with a doctor's note clearing him to return to work (Solomon Transcript, R. 11-4, Page ID # 202; Bair Transcript, R. 3,

Page ID # 128); and (8) Plaintiff never presented Crystal Glass with a physician's note or certificate that he was able to work as a glazier (Solomon Affidavit, R. 11-1, Page ID # 94; Bair Transcript, R. 11-3, Page ID # 147).  These undisputed facts clearly demonstrate that the interactive process under the ADA proceeded, and Bair was provided with the reasonable accommodations which he had requested.

## C.    The District Court Properly Granted Defendant's Motion for Summary Judgment on Plaintiff's Claim for Disability Discrimination Because Plaintiff Did Not Establish a Prima Facie Case of Disability Discrimination.

Bair claims that in addition to Crystal Glass' failure to accommodate Bair, Crystal Glass also engaged in general ADA disability discrimination in violation of 42 U.S.C. §12112(a).

To establish a prima facie case of disability discrimination under the ADA a plaintiff must show (1) he is disabled; (2) he is otherwise qualified for the position he holds or desires with or without accommodation; (3) he suffered an adverse employment action; (4) employer knew or had reason to know of his disability; and (5) his position remained open.  *Whitfield v Tennessee,* 639 F3d 253, 258-259 (6th Cir. 2011).

### 1.    Bair is Unable to Show an Adverse Employment Action and Therefore Did Not Establish a Prima Facie Case of Disability Discrimination.

The District Court properly found that summary judgment was proper on Plaintiff's claim for ADA discrimination because Plaintiff was unable to show that

he suffered an adverse employment action (District Court Opinion, R. 17, Page ID # 411-412). In response to Crystal Glass' Motion for Summary Judgment, Bair had argued that "the termination of [his] employment is an obvious adverse employment action" (Plaintiff's Response Brief, R. 14, Page ID # 347). Bair argued that the adverse employment action occurred "when Crystal Glass fired him on June 30, 2020, while he was two weeks into recovery from his surgery, telling him he should not expect to be hired back" (Id., R. 14, Page ID # 349).

The District Court properly held that Bair failed to show an adverse employment action noting, as a threshold matter, an employer cannot terminate the employment of somebody who is not employed by the employer at the time (District Court Opinion, R. 17, Page ID # 412). In support of its holding, the District Court noted that Crystal Glass had granted Bair's request to be voluntarily laid off so he could collect his unemployment and the COVID bonus. Bair was laid off on June 4, 2020 (Id., R. 17, Page ID # 414). As a result, the District Court properly concluded that Bair had not worked for Crystal Glass since June 4, 2020. Because Bair was no longer an employee of Crystal Glass beginning June 4, 2020, the District Court properly concluded that the June 30 text did not terminate Bair's employment, as argued by Bair, and did not constitute an adverse employment action (Id., R. 17, Page ID # 414).

The District Court also properly noted the case law makes it clear that the voluntary layoff requested by Bair and agreed to by Crystal Glass did not constitute

an adverse employment action by Crystal Glass (Id., R. 17, Page ID # 414).  As noted by the District Court, the case law makes it clear that when an employee voluntarily resigns, he cannot claim that he suffered an adverse employment action under ADA. *Hammon v DHL Airways, Inc.,* 165 F3d 441, 447 (6th Cir. 1999); *Keever v City of Middletown,* 145 F3d 809, 813 (6th Cir. 1998) (affirming the lower court's decision that an employee who voluntarily resigns did not suffer an adverse employment decision under the ADA).  See also, *Schinderwolf v City of Brighton,* 107 F Supp3d 804, 814 (ED Mich 2015).

Bair now argues that the case of *Muldrow v City of St. Louis,* 144 S. Ct. 967, 972 (2024) the Supreme Court reduced the bar for plaintiff to show an adverse employment action (Appellant's Brief, Doc. 12, Page ID # 34).  In *Muldrow*, plaintiff claimed that her employer, the St. Louis Police Department, transferred her from one job to another because she is a woman and an alleged a claim for sex discrimination. The Supreme Court noted that the courts below had rejected plaintiff's claim on the ground that the transfer did not cause plaintiff a "significant" employment disadvantage and noted that other courts have used similar standards in assessing whether there has been an adverse employment action.  In *Muldrow,* the Supreme Court disapproved of that approach and held:

> Although an employee must show some harm from a forced transfer to prevail in a Title VII suit, she need not show that the injury satisfies a significance test.  *Id.* at 972.

The court in *Muldrow,* found that plaintiff had shown that her transfer to a different position had resulted in a change in her job responsibilities, perks and scheduling.  The court found that as a result of the transfer, plaintiff was reassigned a less prestigious position, with more administrative work, had fewer opportunities to work on important investigations, had lost her FBI status and lost her company vehicle.  *Id.* at 972.  As a result, the Supreme Court found that plaintiff had shown "some harm" to the terms and conditions of her employment, and as a result had shown an adverse employment action.  *Id.* at 974.

Appellant's Brief argues that Bair has demonstrated that the June 30 text (Solomon-Bair-Texts, R. 11-15, Page ID # 314) satisfies the adverse employment action standard articulated in *Muldrow.*  Bair claims that he suffered "some injury" to his employment when Crystal Glass advised him on June 30 that it was not likely that Bair could be rehired by the company due to a reduction in the workload as a result of the second wave of COVID (Id.).  Although Bair continues to argue that the June 30 text, "likely constitutes a termination", Bair now argues, even if it is not a termination, the June 30 text was still "an adverse employment action" taken against Bair because the June 30 text caused "some injury" to Bair under *Muldrow supra* (Appellant's Brief, Doc. 12, Page ID # 35).

*Muldrow* is distinguishable from this case and does not change the District Court's ruling in this case that Bair failed to demonstrate an adverse employment action.  *Muldrow, supra* still requires Bair to show that he suffered "some harm" in

the terms and conditions of his employment from the June 30 text in order to demonstrate that the text constituted an adverse employment action. As noted above, Bair can make no such showing based on the undisputed facts. The record shows that: (1) Bair was laid off at his own request from Crystal Glass on June 4, 2020, and never returned to work; (2) Bair ceased being an employee of Crystal Glass with the layoff on June 4, 2020; (3) Bair was not an employee of Crystal Glass on June 30, 2020, when he received the text; (4) the June 30 text (Solomon-Bair-Texts, R. 11-15, Page ID # 314), by its terms did not take any "employment action" against Bair and did not make any change to the terms and conditions of Bair's employment; (5) the June 30 text was informational only, advised Bair of the slowdown in the business as a result of COVID, layoffs of other glaziers at the company and advised Bair that the company did not know when business was going to pick up, if ever, due to the second COVID-19 phase; (6) there is no showing that the text changed Bair's employment status at all. As of June 30, 2020, he remained on the same layoff status that began on June 4, 2020. Simply put, Bair is unable to demonstrate that the June 30 text was any type of employment action at all. He was certainly unable to demonstrate that he suffered "some harm" in the terms and conditions of his employment as a result of the text, as required under *Muldrow*.

The District Court also properly concluded "the June 30 text was a statement of probability. The text read that: 'it's not likely' that Bair would be rehired due to a reduction in workload" (District Court Opinion, R. 17, Page ID # 415). As

correctly noted by the District Court, a statement of probability is not considered an adverse employment action.  In *Adams v Lucent Techs., Inc.,* 284 F. App'x. 296, 302 (6th Cir. 2008), the court noted: "Their [employee's] uncertainty regarding the effect of the potential merger on their jobs does not translate into a constructive discharge." The District Court also noted in *Agnew v BASF Corp.,* 286 F3d 307, 310-311 (6th Cir. 2002) (in age discrimination case under Michigan law, . . . an employee who quits in apprehension that conditions may deteriorate later is not constructively discharged).

Bair also claims that he suffered disability discrimination by Crystal Glass because he was not called back to work or rehired by Crystal Glass.  This claim suffers from the same problem as noted above, the June 30, 2020 text does not constitute an adverse employment action and Plaintiff is unable to demonstrate a prima facie case.

In addition, there is no record evidence that Bair ever applied for rehire as a glazier for Crystal Glass and it is also undisputed that Bair never provided Crystal Glass with a doctor's note or certificate clearing Bair to return to work for Crystal Glass (Bair Transcript, R. 11-3, Page ID # 137, 147).  Bair testified that he was aware at the time Crystal Glass agreed to his requested layoff, that before he could come back to work he would need to present a doctor's certificate or note showing that he was able to return to work (Bair Transcript, R. 11-3, Page ID # 128).  It is undisputed that Bair failed to meet that agreed upon contingency in order to return to work.

As noted by the District Court, some courts have found a triable question of fact as to whether an employer had a discriminatory motive for not providing a "call back". The District Court noted that Crystal Glass did call some employees back for work but stated "However, such a 'failure-to-hire claim' would require Bair to demonstrate that he 'applied for the available position' or can establish that the employer was otherwise obligated to consider him. *Ferrell v Taylor Building Prods.,* 2014 WL 3361823 at *5 (ED Mich July 9, 2014)" (District Court Opinion, R. 17, Page ID #415). The District Court also found "Crystal Glass was not obligated to call Bair back to work. Although Crystal Glass indicated that it would reemploy Bair, that reinstatement was contingent on Bair furnishing a doctor's note with medical clearance to work" (Id., R. 17, Page ID # 416).

The District Court also cited *Wanger v G.A. Gray Co.,* 872 F2d 142, 145 (6th Cir. 1989) where the Sixth Circuit addressed a failure to rehire situation in an age discrimination case. The court noted that in a claim for failure to rehire, plaintiff must meet a modified *McDonnell-Douglas* test to establish a prima facie case and show: (1) he was a member of the protected age group; (2) he is qualified for rehire or recall; (3) he applied for the available position or otherwise established that the employer was obligated to consider him; and (4) the position went to a younger individual outside the protected age class. In *Wanger, supra* the Court of Appeals affirmed the District Court's grant of summary judgment and found that plaintiff had failed to demonstrate he applied for the position and failed to establish an exception

to that requirement by failing to show that the employer created an atmosphere in which the employees understood that applying for certain positions was "futile". *Wanger, Id*. at 145. The court in *Wanger,* found that for an employee to show "futility", as an exception, the employee was required to show that the employer engaged in "a pervasive, consistent and continuing pattern or practice of discrimination must be shown to excuse an applicant from formally applying for the position."

In this case, the undisputed evidence shows that Bair never provided Crystal Glass with a doctor's note or a certificate clearing him to return to work, which was a condition of Bair returning to work following his layoff. Bair is also unable to establish that he ever applied for rehire and did not demonstrate any factual evidence that would support a "futility" exception. As correctly noted by the District Court, Bair did not produce any evidence to establish an atmosphere of futility (District Court Opinion, R. 17, Page ID # 417). The District Court concluded that the June 30 text relied upon by Bair "is a far cry from showing a pervasive, consistent, continuing pattern of discrimination" (Id.). In fact, the record evidence showed that Crystal Glass had agreed to all of Bair's requests for accommodation.

The undisputed facts in this case also demonstrate that Crystal Glass never "refused to consider" Bair for rehire or reemployment as argued by Appellant (Appellant's Brief, Doc. 12, Page ID # 37). At the time that seven of the laid off glaziers were called back for work throughout July and August 3, 2020 (Layoff List,

34

R. 11-14, Page ID # 312) Bair was not considered for those early callbacks because he was still on layoff for surgery convalescence.  Accordingly, Bair not being able to work as a glazier prevented him from being called back with those employees (Gaines Transcript, R. 11-6, Page ID # 265).  Bair himself testified that he was not healthy enough to go back to work until he finally applied for a job in December of 2020 (Bair Transcript, R. 11-3, Page ID # 145).  Likewise, the undisputed evidence shows that Bair was not called back for reemployment because he never sought or applied to be rehired and never presented Crystal Glass with a physician's certificate or note showing that he was able to return to work as a glazier (Solomon Affidavit, R. 11-1, Page ID # 94; Gaines Affidavit, R. 11-12, Page ID # 307).  The undisputed facts also show that if Bair was able to work and had presented the company with proof that he was cleared to work, Bair would have been hired by Crystal Glass if there was a need (Solomon Transcript, R. 11-4, Page ID # 207).

### D. <u>The District Court Properly Granted Defendant's Motion for Summary Judgment on Plaintiff's Claim for Retaliation Because Plaintiff Cannot Establish a Prima Facie Case of Retaliation</u>.

Bair also claims that Crystal Glass retaliated against Bair because Bair engaged in protected activity under the ADA by seeking a reasonable accommodation.

As correctly noted by the District Court retaliation claims are also analyzed under the *McDonnell-Douglas* framework.  *Williams v AT & T Mobility Servs., LLC*, 847 F3d 384, 396 (6th Cir. 2017).  To establish a prima facie case of retaliation under

the ADA Plaintiff must show:  (1) he engaged in a protected activity under ADA; (2) his employer was aware of that activity; (3) he suffered an adverse employment action; and (4) a "causal connection existed between the protected activity and the adverse employment action.  If the Plaintiff is able to demonstrate a prima facie case, the burden then shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action.  *A.C. Ex. Rel. J.C. v Shelby Cty. Bd. Of Educ.,* 711 F3d 687, 697 (6th Cir. 2013).

> **1.    Bair is Unable to Show an Adverse Employment Action and Therefore Cannot Establish a Prima Facie Case of Disability Discrimination.**

The District Court properly found that summary judgment was proper on Plaintiff's claim for ADA retaliation because Plaintiff is unable to show he suffered an adverse employment action (District Court Opinion, R. 17, Page ID # 411-412).

As noted above, Bair has argued that he suffered an adverse employment action in this case as a result of Crystal Glass' June 30 text (Solomon-Bair-Texts, R. 11-15, Page ID # 314).  Bair argues that the June 30 text was an adverse employment action because he was "treated worse" and effectively terminated by Crystal Glass when Crystal Glass sent the June 30 text to Bair (Appellant's Brief, Doc. 12, Page ID # 36).  As noted in Section C above, Bair was not terminated or effectively terminated by the June 30 text.  At the time the text was sent to Bair, Bair had been laid off by Crystal Glass at his own request beginning June 4, 2020 and had not returned to work.  He ceased being an employee of Crystal Glass with the layoff on

June 4, 2020 and was not an employee of Crystal Glass when he received the text on June 30. Further, as noted by the District Court, the June 30 text was a statement of probability and read that "it's not likely that Bair would be rehired due to a reduction in the workload". The District Court properly noted statement of probability is not considered an adverse employment action (District Court Opinion, R. 17, Page ID # 415).

Further, as noted in Section C above, Bair has not demonstrated that the June 30 text constituted an adverse employment action. Bair has not met the standard established in *Muldrow, supra*. *Muldrow* requires Bair to show that he sustained "some harm" in the terms and condition of his employment from the June 30 text to show that the text constituted an adverse employment action. Bair is unable to make such a showing based on the record in this case which showed: (1) Bair was laid off by Crystal Glass at his own request, on June 4, 2020; (2) Bair ceased being an employee of Crystal Glass with his layoff on June 4, 2020; (3) Bair was not an employee of Crystal Glass on June 30, 2020 when he received the text; (4) the June 30 text (Solomon-Bair-Texts, R. 11-15, Page ID # 314), by its terms did not take any "employment action" against Bair and did not make any change to the terms and conditions of Bair's employment; (5) the June 30 text was informational only, advised Bair of the slowdown of the business as a result of COVID, the layoffs of other glaziers at the company and that the company did not know when business was going to pick up, if ever, due to the second COVID-19 phase; (6) there is no showing

that the text changed Bair's employment status at all. As of June 30, 2020 he remained on the same layoff status that he had beginning June 4, 2020. Simply put, Bair was unable to demonstrate the June 30 text was any type of employment action at all. Bair was certainly unable to demonstrate that he suffered "some harm" in the terms and conditions of his employment as a result of the June 30 text as required under *Muldrow*. As a result, Bair has failed to establish that the June 30 text constituted an adverse employment action and Bair has failed to establish a prima facie case.

### 2. **Bair is Also Unable to Demonstrate Elements One, Two, and Four Required to Establish a Prima Facie Case of Retaliation.**

#### a. **Bair is Unable to Demonstrate the First and Second Elements of a Prima Facie Case.**

Appellant's Brief argues that Bair meets the first and second elements of a prima facie case because Bair engaged in the ADA protected activity of seeking a reasonable accommodation. In support of the argument, and Appellant's Brief makes it clear that Bair relies on his "claimed" request for unpaid medical leave as his request for reasonable accommodation and as the basis of his claim that he engaged in ADA protected activity (See Appellant's Brief, Doc. 12, Page ID # 137). Bair argues that the request for unpaid medical leave satisfies the first two elements of establishing his prima facie case for retaliation (Appellant Brief, Doc. 12, Page ID # 36-37).

The District Court, in its Opinion and Order granting summary judgment, specifically found that Plaintiff's claim that he requested an unpaid medical leave and did not receive it, was not supported by the record (District Court Opinion, R. 17, Page ID # 418). As demonstrated in Section B(3) above, the undisputed facts in the case show that the District Court properly found that there was no record evidence that Bair requested unpaid medical leave as an accommodation. Those undisputed facts show that Bair never requested an unpaid medical leave as an accommodation and in fact, he rejected Crystal Glass' offer of an unpaid medical leave. As a result, Bair is unable to show that he requested unpaid medical leave as a protected activity under ADA and therefore also fails to satisfy the first element required to establish a prima facie case of retaliation.

Bair has also failed to establish the second element of a prima facie case of retaliation. Since there is no record evidence to support Bair's claim that he requested unpaid medical leave as a reasonable accommodation, there is certainly no record evidence to show that Crystal Glass was aware of Bair's making a request for unpaid medical leave as an accommodation. As a result, Bair is unable to demonstrate the second element, that his employer was aware of Bair's ADA protected activity.

As noted above, there is no record evidence to support Bair's claim that he requested unpaid medical leave as a reasonable accommodation.

### b.    Bair is Unable to Demonstrate a Causal Connection Between Bair's Protected Activity and the Adverse Employment Action, the Fourth Element of Establishing a Prima Facie Case.

Bair has failed to present any record evidence supporting "a causal connection" between Plaintiff's ADA protected activity and the adverse employment action."  Appellant's Brief argues "Bair meets the fourth element because a causal connection exists between his inconvenient requests for disability-related accommodations and the adverse employment action" (Appellant's Brief, Doc. 12, Page ID # 36).  In support of Bair's argument, Appellant's Brief makes it clear that Bair relies on his claimed request for "unpaid medical leave" as his request for accommodation upon which he relies as his "ADA protected activity".  Appellant's Brief argues "Crystal Glass admitted it refused to consider Bair for employment after his medical leave due to his opposition to the denial of medical leave time . . . " (Appellant's Brief, Doc. 12, Page ID # 37).

The problem with Bair's argument is twofold.  In fact, the evidence shows that Bair rejected Crystal Glass' offer of an unpaid medical leave.  First, as demonstrated in Section B(3) above, there is no record evidence in the case to support Bair's claim that he ever requested an "unpaid medical leave".  The fact of the matter is Bair never requested an "unpaid medical leave" as a reasonable accommodation, in fact, he rejected Crystal Glass' offer of an unpaid medical leave.  See Section B(3) above.

In addition, as demonstrated in Section C(1) above, the undisputed facts of the case also show that Bair is unable to demonstrate that the June 30 text was an adverse employment action.

Since Bair is unable to demonstrate record evidence to establish that he requested an unpaid medical leave and unable to demonstrate that the June 30 text constituted an adverse employment action.  As a result, Bair cannot demonstrate a causal connection between those two and is unable to demonstrate the fourth element of a prima facie case for retaliation.

## CONCLUSION AND RELIEF REQUESTED

For all of the reasons set forth above, Defendant Crystal Glass requests that this Honorable Court affirm the District Court's granting of Defendant's Motion for Summary Judgment and affirm the Judgment entered by the District Court on March 31, 2024.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST

By: /s/Richard B. Tomlinson_____
Richard B. Tomlinson (P27604)
Attorneys for Defendant-Appellee
3331 West Big Beaver Rd, Suite 101
Troy, Michigan 48084
Dated:  July 26, 2024                    (248) 649-6000

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal rule of Appellate Procedure 32(a)(7)(B), I certify that this Brief is proportionally spaced, 14-point Times New Roman font. Per Microsoft Word Processing program software, the brief contains 11,246 words, excluding those parts exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

/s/ Richard B. Tomlinson (P27604)
3331 West Big Beaver Rd, Suite 101
Troy, Michigan 48084
(248) 649-6000
rtomlinson@driggersschultz.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024, I caused the electronic filing of the foregoing paper with the Court using the Court's ECF system, which will send notification of such filing to all attorneys of record.

/s/ Richard B. Tomlinson (P27604)
3331 West Big Beaver Rd, Suite 101
Troy, Michigan 48084
(248) 649-6000
rtomlinson@driggersschultz.com

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Doc. No. | Date Filed | Description | Page ID. |
|---|---|---|---|
| 1 | 12/28/2021 | Complaint | 1-8 |
| 10 | 03/28/2023 | Stipulated Order to Dismiss Count III of Plaintiff's Complaint | 50 |
| 11 | 03/30/2023 | Motion for Summary Judgment<br>- Exhibit 1<br>- Exhibit 2<br>- Exhibit 3<br><br>- Exhibit 4<br><br>- Exhibit 5<br>- Exhibit 6<br><br>- Exhibit 7<br>- Exhibit 8<br>- Exhibit 9<br>- Exhibit 10<br>- Exhibit 11<br>- Exhibit 12<br>- Exhibit 13<br>- Exhibit 14<br>- Exhibit 15<br>- Exhibit 16<br>- Exhibit 17 | 52-89<br>92, 93, 94<br>97<br>105, 106, 118, 128, 132, 137, 138, 140, 145, 147<br>198, 202-203, 204, 205, 206, 207<br>242<br>253-254, 255, 258, 265, 267-268<br>292<br>294-295<br>297<br>299<br>301, 303<br>306, 307<br>310<br>312<br>314<br>316, 317<br>320 |
| 14 | 04/20/2023 | Motion for Summary Judgment Response<br>- Exhibit 2<br>- Exhibit 3<br>- Exhibit 4<br>- Exhibit 5 | 323-351<br><br>361<br>362<br>378-379<br>381 |
| 16 | 05/11/2023 | Motion for Summary Judgment Reply | 392-399 |
| 17 | 03/31/2024 | Summary Judgment Opinion and Order | 400-421 |
| 18 | 03/31/2024 | Judgment | 422-423 |