Case No. 24-1390

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANTHONY BAIR,
Plaintiff-Appellant,

v.

CRYSTAL GLASS, INC.,
Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

REPLY BRIEF FOR PLAINTIFF-APPELLANT
Oral Argument Requested

_____

MATTHEW J. CLARK (P76690)
GREGORY, MOORE, BROOKS,
CLARK & HELTON, P.C.
Attorneys for Plaintiff-Appellant
28 W. Adams Ave., Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

# **TABLE OF CONTENTS**

Table Of Contents....................................................................................................ii

Table Of Authorities..............................................................................................iii

Reply Argument.......................................................................................................1

      A. Crystal Glass Concedes the Trial Court Imposed the Wrong Standard on Bair's Failure to Accommodate Claim.................................................................1

      B. Crystal Glass Falsely Claims Bair Refused Time Off as a Reasonable Accommodation....................................................................................................2

            1. The Trial Court Improperly Focused on Crystal Glass' Claim..............8

Conclusion..............................................................................................................10

Certificate of Compliance.....................................................................................11

Certificate of Service............................................................................................11

Designation of Relevant District Court Documents.........................................12

## <u>TABLE OF AUTHORITIES</u>

**REGULATIONS**

20 C.F.R. § 404.1505 ...................................................................... 5, 7
29 C.F.R. App. § 1630 ................................................................... 8, 9

**CASES**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ................................ 3, 8
*EEOC v Mollertech Corp*, ___F Supp 2d___; 2005 U.S. Dist. LEXIS 50306,
   (E.D. Mich., Aug. 12, 2005).............................................................. 9
*King v. Steward Trumbull Mem. Hosp., Inc.*, 30 F.4th 551, 564-568 (6th Cir. 2022) ...... 8, 9
*Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 & fn. 2 (6th Cir. 2007) ................ 9
*Penny v. United Parcel Serv.*, 128 F.3d 408 (6th Cir. 1997) ...................... 1
*Ricco v. United States Postal Service,* EEOC Appeal No. 07A10007 (2002) ...................... 5
*Rorrer v. City of Stow*, 743 F.3d 1025 (6th Cir. 2014) ...................... 8, 9
*Smith v. Henderson*, 376 F.3d 529 (6th Cir. 2004) ................................ 9

<u>**REPLY ARGUMENT**</u>

**A. CRYSTAL GLASS CONCEDES THE TRIAL COURT
IMPOSED THE WRONG STANDARD ON
BAIR'S FAILURE TO ACCOMMODATE CLAIM**

Anthony Bair's first issue in his Statement of the Issues is (Doc. 12, p. 7):

> The Trial Court improperly ruled that Plaintiff Anthony Bair must show
> he suffered an "adverse employment action" to show Defendant Crystal
> Glass failed to reasonably accommodate his disability under the ADA.

In its Appellee Brief, Crystal Glass makes great efforts to avoid addressing this

core issue. Crystal Glass frames a "Counter-Statement of the Issues" that claims Bair

fails to meet two unidentified elements of a failure to accommodate claim[1] but evades

analysis of the fact that the Trial Court incorrectly imposed an "adverse employment

action" requirement to Bair's primary claim of failure to accommodate. Doc. 13, p. 8.

In obscure language buried in a footnote on page 15 of its Appellee Brief, Crystal

Glass finally concedes (Doc. 13, p. 22 (emphasis added)):

> **Plaintiff's Brief with respect to this [failure to accommodate] issue
> is correct**. The District Court properly found that there was no adverse
> employment action taken against Bair by Crystal Glass. However, **under
> the case law, a plaintiff is not required to show that he suffered an
> adverse employment action to satisfy a prima facie case for a
> failure to accommodate under the ADA**.

---

[1] Crystal Glass claims, "Bair failed to meet the fourth and fifth elements required to
establish a prima facie case" but does not specify the elements. Doc. 13, p. 8. The
supposed "fourth and "fifth elements" are particularly unclear because, as Bair's
Appellate Brief notes, a failure to accommodate claim consists of only three elements:
that the plaintiff is (1) disabled; (2) qualified for the job; and (3) denied a reasonable
accommodation. *Penny v. United Parcel Serv.*, 128 F.3d 408, 414 (6th Cir. 1997). Doc. 12,
pp. 19-20.

After acknowledging the Trial Court applied the wrong standard, Crystal Glass attempts to excuse the Trial Court's error by claiming (Doc. 13, p. 22):

> This does not change the result with regard to Plaintiff's failure to accommodate claim because the District Court properly found that Bair's failure to accommodate claim separately failed because Bair was unable to establish a prima facie case for failure to accommodate because he was unable to show that Crystal Glass failed to provide the necessary accommodation and there was no record evidence to show that Bair ever requested an unpaid medical leave.

Bair need not repeat his Appellate Brief's detailed counters to Crystal Glass' inaccurate claim that Bair failed to request unpaid leave. Crystal Glass attempts to reimagine the Court's own reasoning. Not only does the Court improperly impose an "adverse employment action" requirement, but it stops its analysis and disposes of Bair's failure to accommodate claim before analyzing the correct elements of the claim in any adequate depth. The Trial Court's own Opinion notes that, "[b]ecause the lack of an adverse action is dispositive, this Court need not reach the Parties' other arguments" of Bair's failure to accommodate claim. MSJ Opinion, R. 17, Page ID # 418, fn. 6 (internal citation omitted). Dismissing Bair's failure to accommodate claim on this erroneous ground, the Trial Court devotes no analysis whatsoever to such key aspects of Bair's claim as whether Crystal Glass engaged in an interactive process to consider a reasonable accommodation.

## B. CRYSTAL GLASS FALSELY CLAIMS BAIR REFUSED TIME OFF AS A REASONABLE ACCOMMODATION

Crystal Glass attempts to rewrite history by claiming that it offered Bair unpaid time off as a reasonable accommodation, but that Bair refused and instead countered with an offer to be laid off. Crystal Glass' Appellee Brief claims (Doc. 13, p. 32):

> Solomon (Crystal Glass) offered Bair an unpaid leave, the very accommodation which Appellant's Brief now claims is the basis for Bair's failure to accommodate claim. Instead of accepting the unpaid medical leave offered by Crystal Glass, Bair made a very specific counteroffer to Solomon and asked if the company would lay him off so he could collect his unemployment plus the $600 per week COVID bonus.

Crystal Glass concludes, "The undisputed facts show that Bair never requested an unpaid medical leave as an accommodation and, in fact, he rejected Crystal Glass' offer of an unpaid medical leave." Id.

This narrative, which the Trial Court improperly accepted as true before the fact question could be decided by a jury,[2] is unsupported by the record. Crystal Glass' only claimed "supporting evidence" is a self-serving affidavit of Crystal Glass owner James Solomon, prepared and presented in support of its Motion for Summary Judgment, which claims that, after Bair told Solomon he needed surgery and "would be off work for approximately six weeks[,]" Solomon "told him that he could go on unpaid leave" and noted that "Plaintiff asked me if the company could lay him off so he could collect unemployment plus the $600 per week COVID bonus[.]" R. 11-1, Page ID # 92-93, pars. 8 and 9. While this affidavit implies – contrary to other

---

[2] MSJ Opinion, R. 17, Page ID # 412-413. The Trial Court should have drawn all references in favor of Bair and allowed factual disputes to be decided by a jury. *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

evidence that will be described below – that Crystal Glass offered Bair unpaid medical leave of its own accord, it does not even directly claim that Bair rejected the offer of unpaid leave and countered with a proposal to be laid off as an alternative to unpaid leave. Crystal Glass reaches that conclusion by exceeding the four corners of its own affidavit.

Outside of his affidavit, Solomon's actual deposition testimony **_contradicts_** Crystal Glass' claim that it offered Bair unpaid leave as a reasonable accommodation, but that Bair somehow rejected it and proposed to be laid off instead. When asked in his deposition whether Crystal Glass considered Bair for "long-term unpaid time off" outside of his layoff, Solomon responded, "No. There's no request for it either." Solomon Transcript, R. 11-4, Page ID # 211, tr. p. 119. Solomon admitted in his deposition that neither he nor anyone at Crystal Glass knew that unpaid medical time off could be a reasonable accommodation under the ADA.[3] Id., Page ID # 211, tr. pp. 117-18; Gaines Transcript, R. 11-6, Page ID # 266, tr. pp. 85-6. In his deposition, Solomon testified (Solomon Transcript, R. 11-4, Page ID # 211, tr. pp. 117-18):

> Q: Are you aware whether time off can be a reasonable accommodation, time off to recover from an injury or medical condition?
>
> A: Like paid time off?
>
> Q: Any time off, paid or unpaid? Are you aware whether that could be a reasonable accommodation?

---

[3] Before Bair, Crystal Glass had never handled any ADA reasonable accommodation request or FMLA request. Solomon Transcript, R. 11-4, Page ID # 212-213, tr. p. 123-124; Gaines Transcript, R. 11-6, Page ID # 266, tr. pp. 85-6.

A: I guess I wasn't aware. At the time, I was not aware of that.

In his text messages with Bair, Solomon suggested Bair apply for Social Security's disability program, a program open only to employees who are disabled and unable to perform past relevant work. 20 C.F.R. § 404.1505(a); Bair-Solomon Texts, R. 14-2, Page ID # 358-359. This underscores Solomon's lack of understanding of the company's obligations under the ADA, as a reasonable accommodation is intended to accommodate a disability that allows an employee to perform the essential job functions – the opposite of Social Security's purpose of providing income to someone who cannot work due to a disability.

It makes no sense that Solomon and Crystal Glass would have offered Bair unpaid medical time off as a reasonable accommodation under the ADA when they had no idea unpaid time off could be a reasonable accommodation.[4] It similarly makes no sense that Bair would reject such an accommodation offer and propose to be laid off *instead of* receiving an ADA-protected accommodation where he could return to work after recovery. This is why, as even Solomon acknowledged, Bair's "layoff" *was* an unpaid medical leave. Solomon stated in his deposition, "He [Bair] was perfectly ok with being laid off and *the whole plan was that he would come back to work afterward.*" R. 11-4, Page ID # 202, tr. pp. 82-83 (emphasis added).

---

[4] Lack of knowledge of the legal requirement to offer time off as a reasonable accommodation is indicative of a violation of that requirement. *Ricco v. United States Postal Service*, EEOC Appeal No. 07A10007 (2002) at *12.

In addition to Crystal Glass' deposition testimony, the text messages between Bair and Crystal Glass mention nothing about the company offering unpaid leave time as a separate proposal from Bair being laid off. Bair-Solomon Texts, R. 14-2; Bair-Solomon Text, R. 11-7; Bair-Gaines Texts, R. 11-8. To the contrary, everything in the detailed text messages shows the company and Bair treated Bair's layoff as an unpaid leave time, from which Bair would return to work for Crystal Glass after he recovered. On May 31, Bair texted Solomon that he had emergency hip resurfacing surgery on June 16 and noted, "I need to speak with you about going on short term disability. This procedure is not so bad and [the doctor] said I should be down for 6 weeks with returning to light duty after that." Bair-Solomon Texts, R. 14-2, Page ID # 356. Bair made very clear he intended to return to work when he medically recovered. Id. The next day, Bair texted Solomon his medical report and asked to be laid off *for the surgery*, reiterating the layoff was temporary because "***I need to get better and back to work***." Bair-Solomon Texts, R. 14-2, Page ID # 357 (emphasis added).

In light of Bair's clearly expressed goal to return to work after recovering from his surgery, it makes no sense that a separate completely off-the-record conversation took place concurrently with these text messages, where Bair supposedly rejected a medical leave proposal separate from the layoff which both parties discussed. As discussed more fully in Bair's Appellant Brief, the terminology of Bair being "laid off" was particularly synonymous with his requested unpaid medical leave because, during this early stage of the COVID pandemic in mid-2020, Crystal Glass was already laying

6

off and reinstating employees amidst operational shutdowns and startups. Gaines Transcript, R. 11-6, Page ID # 257. Several days after Bair was laid off on June 4, Crystal Glass began laying off the entire the workforce, followed by mass reinstatement in July. Employee Layoff List, R. 11-14, Page ID # 312. Bair would have undoubtedly been laid off along with the rest of the workforce due to COVID shutdowns, irrespective of his medical issues. Id.

Crystal Glass' post-surgery communications with Bair also make no reference to Bair being laid off as distinguished from being on medical leave. To the contrary, Solomon's July 8, 2020 email to Bair, sent several days after he texted Bair that he likely had no future with the company, notes how "we laid you off, at your request, when you should be on disability." Solomon Email, R. 14-4, Page ID # 379. This is another reference to *Social Security disability*, as Solomon reiterated in the email (Id.):

> By the letter of the law you are disabled and should be on disability. However, per your request and to your benefit we laid you off and have not denied your unemployment claim. […] I repeatedly advised you look into disability through SSA. I told you this because I wanted to be upfront and honest with you so you could get the ball rolling with disability.

This email shows not that Crystal Glass offered Bair unpaid time off outside of his layoff, but rather that it suggested Bair apply for Social Security disability. Social Security disability is only open to individuals who *cannot work* due to being disabled, instead of employees who seek to be *accommodated* for their disability through the ADA while remaining employed. 20 C.F.R. § 404.1505(a). This suggestion underscores, as

Solomon himself admitted, that Crystal Glass had no knowledge that temporary unpaid time off was a reasonable accommodation under the ADA. It makes no sense that Crystal Glass would have offered Bair an accommodation that it didn't know existed.

At the very least, a serious factual dispute exists whether Crystal Glass offered Bair time off as a reasonable accommodation. "[D]rawing all reasonable inferences in favor of [Bair as] the nonmoving party,"[5] this factual dispute should be decided by a jury rather than a judge on summary judgment, alongside such interrelated factual questions as whether Bair properly notified Crystal Glass of the need for some form of medical accommodation,[6] and whether Crystal Glass properly initiated and participated in the required interactive process to determine the type of accommodation.[7]

### 1. The Trial Court Improperly Focused on Crystal Glass' Claim

This Reply Brief shows the lack of evidence in support of Crystal Glass' narrative, countered by the great deal of evidence in support of Bair. However, even if

---

[5] *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

[6] "We have generally given plaintiffs some flexibility in how they request an accommodation. Just as an employee does not need to use "magic words" to inform her employer that she is disabled, the employee does not need to explicitly use the word "accommodation." […] Additionally, an employee's initial request does not need to identify the perfect accommodation from the start." *King v. Steward Trumbull Mem. Hosp., Inc.*, 30 F.4th 551, 564-568 (6th Cir. 2022).

[7] 29 C.F.R. § 1630.2(o)(3); *Rorrer v. City of Stow*, 743 F.3d 1025, 1040 (6th Cir. 2014). The Trial Court dismissed the case with no analysis whatsoever of the interactive process.

Crystal Glass was somehow correct that it offered Bair time off, the Trial Court focused on the wrong issues. "[A]n employee's initial request does not need to identify the perfect accommodation from the start." *King v. Steward Trumbull Mem. Hosp., Inc.*, 30 F.4th 551, 564-568 (6th Cir. 2022). If the parties were on different pages about the scope and terms of Bair's time off – whether it was called a "layoff" or a "non-layoff" – it is the employer's duty "to initiate an informal, interactive process with the individual with a disability in need of the accommodation" that "should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). The record makes clear that Bair had every reason to believe he would return to Crystal Glass after he recovered, and clearly communicated this belief to Crystal Glass. When Crystal Glass issued a surprise (and factually unsupported) claim shortly after his surgery that "we are slow now and probably won't be able to hire you back," this caused a breakdown that obstructed the interactive process necessary for reasonably accommodating Bair. *Rorrer v. City of Stow*, 743 F.3d 1025, 1040 (6th Cir. 2014); *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 & fn. 2 (6th Cir. 2007).

Whether Crystal Glass and Bair properly participated in the interactive process to find a reasonable accommodation is a question of fact for the jury. *EEOC v Mollertech Corp*, ___F Supp 2d___; 2005 U.S. Dist. LEXIS 50306, at *20-21 (E.D. Mich., Aug. 12, 2005). The reasonableness of a requested accommodation is similarly a question of fact. *Smith v. Henderson*, 376 F.3d 529, 536 (6th Cir. 2004). It was

improper for the Trial Court to decide these fact questions on summary judgment. Despite all this, the Trial Court, oversimplifying the necessary considerations and accepting Crystal Glass' one-sided view, found that "no reasonable person could conclude that Bair requested unpaid medical leave; he successfully asked to be laid off." MSJ Opinion, R. 17, Page ID # 413.

## CONCLUSION

Plaintiff-Appellant respectfully requests this Honorable Court reverse on all counts the Trial Court's granting of summary judgment in favor of Defendant-Appellee, and order all other such appropriate relief.

Respectfully submitted,

GREGORY, MOORE, BROOKS, CLARK,
& HELTON, P.C.

/s/ Matthew J. Clark
Matthew J. Clark (P76690)
Gregory, Moore, Brooks & Clark, P.C.
28 W. Adams, Ste. 300
Detroit, MI 48226
Telephone: 313-964-5600
Facsimile: 313-964-2125
Matt@unionlaw.net

August 16, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, a copy of the foregoing REPLY BRIEF FOR APPELLANT was filed electronically with the Clerk of the Court using the CM/ECF system and served upon counsel for Defendant-Appellee.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B), I certify that this brief is proportionally spaced, 14-point Garamond font. Per Microsoft Word Processing program software, the brief contains 2,640 words, excluding those parts exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

| | |
|---|---|
| _/s/ Matthew J. Clark_ | August 16, 2024 |
| (Signature of Counsel) | (Date) |

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Doc. No. | Date Filed | Description | Page ID # |
|---|---|---|---|
| 11 | 3/30/2023 | Motion for Summary Judgment<br>- Ex. 1<br>- Ex. 4<br>- Ex. 6<br>- Ex. 7<br>- Ex. 8<br>- Ex. 14 | 52-89<br>92-93<br>202, 211-213<br>257, 266<br>292<br>294-295<br>312 |
| 14 | 4/20/2023 | Motion for Summary Judgment Response<br>- Ex. 2<br>- Ex. 4 | 323-351<br>356-359<br>379 |
| 17 | 3/31/2024 | Summary Judgment Opinion and Order | 400-421 |